# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

No. 14-CV-00688 (NGG) (RER)

———————————————

SEBAHAT KOCI,

Plaintiff,

VERSUS

BEEBO, CORP. AND IHAB A. MOHAMMAD

Defendants.

———————————————

**SUMMARY ORDER**
February 4, 2015

———————————————

**Ramon E. Reyes, Jr., U.S.M.J.**:

On January 30, 2015 Plaintiff filed a motion to compel the appearance of non-party witnesses Mahmoud Boutarki ("Boutarki") and Jason Villafare ("Villafare") (collectively "non-party witnesses") at scheduled depositions. (Dkt. No. 18.) Having examined Plaintiff's submissions and letter motion, the Court grants Plaintiff's motion to compel.

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery. FED. R. CIV. P. 37(a)(2)(A). Federal Rule of Civil Procedure 45 allows a subpoena to command a person to attend a deposition. FED. R. CIV. P. 45(c)(1). Failure to obey a subpoena is subject to civil contempt if the subpoena has been served and the failure to obey is not adequately explained. FED. R. CIV. P. 45(e).

"Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). Plaintiff submits with her motion to compel two notice of subpoenas (dkt. no. 18 exh. A) and two affidavits of service (dkt. no. 18 exh. B), one for each non-party witness.

The affidavit of service for Villafare shows that he was personally served with a copy of the subpoena and $40.00 witness fee on December 30, 2014. (*Id.*) This was proper service.[1]

---

[1] It should be noted, however, that the subpoena did contain a typographical error listing the time of the deposition for 2:00 a.m. and not p.m., as was intended. (Dkt. No. 18 exh. A.) This error does not effect whether service was proper.

The affidavit of service for Boutarki shows that a copy of the subpoena was served on a "co-tenant" at of Boutarki's residence, as well as a witness fee of $40.00, on December 30, 2014. (*Id.*) A copy of the subpoena was subsequently mailed to that address on January 2, 2015. (*Id.*) The Court finds that this was proper service. *See King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (holding service proper "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"). "There appears to be no reason why the forum state's procedural law should not be sufficient for accomplishing service under Rule 45." *Id.* at 356 n.1. Here, service was effected in accordance with New York Civil Practice Rule 308(2), which allows service by delivery to a person of suitable age and discretion at the dwelling place or usual place of abode of the person coupled with mailing to the residential address. Thus, the Court finds service on Boutarki was proper.

Despite the proper service and provision of the witness fee, the non-party witnesses failed to appear for these depositions. Therefore, the Court grants Plaintiff's motion to compel the non-party witnesses to attend their respective depositions.

Accordingly, Boutarki is ordered to appear at Room N204 (Judge Reyes' Jury Room), located at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on March 10, 2015 at 10:00 a.m.

Villafare is ordered to appear at Room N204 (Judge Reyes' Jury Room), located at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on March 10, 2015 at 12:00 p.m.

Failure of the non-party witnesses to appear at the aforementioned time and place for their respective depositions may result in the levying of sanctions and being held in civil contempt in accordance with Federal Rule of Civil Procedure 45. *See* FED. R. CIV. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Plaintiff is respectfully requested to serve copies of this order on both non-party witnesses via regular mail, registered mail, and process server at their last known addresses within two businesses days of the date of this order and then to file proof of service immediately thereafter.

Dated: February 4, 2015
       Brooklyn, New York

**SO ORDERED.**

*Ramon E. Reyes Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge